E-FILED
Friday, 10 April, 2020  10:29:31 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| DURASYSTEMS BARRIERS INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>VAN-PACKER CO., an Illinois corporation,<br><br>Defendant. | **Case No. 1:19-cv-01388-JES-JEH**<br><br>**DISCOVERY PLAN**<br><br>**Magistrate Judge Jonathan E. Hawley** |

## DISCOVERY PLAN

Counsel for Plaintiff, DuraSystems Barriers Inc., and counsel for Defendant, Van-Packer Co., having met on April 8, 2020 for the purpose of formulating a proposed discovery schedule for consideration by the Court, hereby submit the below agreed deadlines for the Court's consideration. The below deadlines are adapted from the Local Patent Rules for the Northern District of Illinois, which the parties agree to adopt for purposes of interpreting the disclosure requirements set forth in the schedule below. All references herein to "LPR" are to the Local Patent Rules for the Northern District of Illinois. Changes have been made to the schedule set forth in the Local Patent Rules for the Northern District of Illinois to accommodate anticipated delays caused by restraints imposed by various governments in response to the COVID-19 pandemic.

1

A.    Schedule

| Case Event | Deadline |
|---|---|
| Initial Disclosures (Fed.R.Civ.P. 26(a) and LPR 2.1) | Friday, May 8, 2020 |
| Initial Infringement Contentions (LPR 2.2) | Friday, May 29, 2020 |
| Initial Non-infringement, Unenforceability, Invalidity Contentions and accompanying document production (LPR 2.3, 2.4) | Friday, June 19, 2020 |
| Initial Response to Initial Non-Infringement and Invalidity Contentions (LPR 2.5) <br><br> Last day to amend pleadings without leave of the Court <br><br> Last day to join additional parties without leave of the Court | Thursday, July 9, 2020 |
| Final Infringement Contentions (LPR 3.1) <br><br> Final Unenforceability and Invalidity Contentions and document production (LPR 3.1, 3.3) | Friday, October 2, 2020 |
| Final Non-infringement Contentions (LPR 3.2) <br><br> Final Enforceability and Validity Contentions (LPR 3.2) <br><br> Final date to seek stay pending IPR (LPR 3.5) | Friday, October 30, 2020 |
| Exchange proposed claim terms/phrases (LPR 4.1(a)) | Friday, November 13, 2020 |
| Meet & Confer to narrow claim terms/phrases to 10 (LPR 4.1(b)) | Friday, November 20, 2020 |
| Fact Discovery Closes (LPR 1.3) | Friday, December 11, 2020 |
| Party opposing infringement files opening claim construction brief and Joint Appendix (LPR 4.2(a) & (b)) | Wednesday, December 23, 2020 |

| Case Event | Deadline |
|---|---|
| Party claiming infringement files responsive brief (LPR 4.2(c)) | Friday, January 22, 2021 |
| Party opposing infringement files reply brief (LPR 4.2(d)) | Friday, February 5, 2021 |
| File joint claim construction chart and joint status report (LPR 4.2(f)) | Friday, February 12, 2021 |
| Claim Construction hearing (LPR 4.3) | TBD |

Following issuance of the Court's *Markman* order construing the disputed claim terms, the parties will submit a revised schedule to set deadlines that substantially follow the timeframes set forth below.

| Case Event | Deadline |
|---|---|
| Expert reports for the party bearing the burden of proof (Fed.R.Civ.P. 26 and LPR 5.1(b)) | 28 days after the Court's claim construction ruling or the close of discovery after that ruling |
| Rebuttal expert reports (Fed.R.Civ.P. 26 and LPR 5.1(c)) | 28 days after the date for initial expert reports |
| Depositions of experts (LPR 5.2) | To be completed 28 days after the exchange of rebuttal expert reports |
| Deadline to file dispositive motions | 28 days after the completion of expert depositions |

**B.      Discovery Limits**

1.   Each side is limited to 5 depositions, not including depositions of witnesses designated as an expert. All depositions will be limited to seven hours.

2.   Each side shall be limited to 25 interrogatories.

3.   Each side shall be limited to 50 requests for documents.

4.   Each party shall be limited to 50 requests for admission, not including requests concerning the authentication and admissibility of documents.

**C.      E-Discovery Issues**

1.   <u>On-site inspection of electronic media</u>.  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

2.   <u>Search methodology</u>.  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.

3.   <u>Format</u>.  ESI and non-ESI shall be produced to the requesting party as text searchable image files. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.  The parties shall produce their information in the following format: single-page TIFF images and associated text files containing extracted text or

OCR with .lfp load files containing all requisite information including relevant metadata.

4. <u>Native files</u>.  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

5. <u>Metadata fields</u>.  The parties are only obligated to provide the following metadata in .dat loadfiles for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

DATED this 10th day of April, 2020.

LOEVY & LOEVY                                          ASG Law LLC


*s/ Chad E. Nydegger*                                 *s/Arthur M. Scheller III\**
Matthew V. Topic                                      Arthur M. Scheller III
311 N. Aberdeen, Third Floor                          20 N. Clark Street, Suite 3300
Chicago, IL 60607                                     Chicago, IL 60602
(312) 243-5900                                        (312) 858-6751
foia@loevy.com                                        ascheller@asglawfirm.com

WORKMAN NYDEGGER
Brian N. Platt (*pro hac vice*)                       Attorneys for Defendants
Chad E. Nydegger (*pro hac vice*)
60 East South Temple, Suite 1000
Salt Lake City, UT  84111                             *\*signature added by filing attorney*
(801) 533-9800                                        *with permission*
bplatt@wnlaw.com
cnydegger@wnlaw.com


Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, I electronically filed the foregoing

DISCOVERY PLAN with the Clerk of the Court using the CM/ECF System, which will send

notification of such filing to the following:

    Arthur M. Scheller III
    ASG Law LLC
    20 N. Clark Street, Suite 3300
    Chicago, IL 60602
    (312) 858-6751
    ascheller@asglawfirm.com
    Attorneys for Defendants

*/s/ Chad E. Nydegger*