E-FILED
Wednesday, 23 December, 2020  06:51:27 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT Z

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| DURASYSTEMS BARRIERS INC., a Canadian corporation, | Case No. 1:19-cv-01388-SLD-JEH |
| Plaintiff, | PLAINTIFF DURASYSTEMS BARRIERS INC.'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-11) |
| v. | |
| VAN-PACKER CO., an Illinois corporation, JEREMIAS, INC., a Georgia corporation, | District Judge Sara Darrow Magistrate Judge Jonathan E. Hawley |
| Defendants. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,[1] Plaintiff DuraSystems Barriers, Inc. ("Plaintiff" or "DuraSystems") hereby submits the following answers and objections to *Defendants Van-Packer Co. and Jeremias, Inc.'s First Set of Interrogatories to Plaintiff DuraSystems Barriers, Inc. (Nos. 1-11)* propounded by Defendants Van-Packer Co. and Jeremias, Inc. (collectively, "Defendants") in the above-captioned action (the "Action") on May 19, 2020, as follows:

## I.    PRELIMINARY STATEMENT

The following responses to the Requests are made solely for the purpose of, and in relation to, the Action. Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein,

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure unless stated otherwise.

or document produced hereunder, if the Request were asked of, or any statement contained herein was made by, a witness present and testifying in court, or if a document produced hereunder were proffered into evidence.  All such objections and grounds therefore are reserved and may be interposed at the time of trial or any other time Plaintiff DuraSystems Barriers, Inc. ("DuraSystems" or "Plaintiff") or any other person or entity may seek to make use of the responses or a document produced in response to the Requests.

These responses are based on the facts and information presently known and available to Plaintiff.  The responses refer only to those claims or defenses that have been pleaded in the Action, based on the facts and documents now known and reasonably available to Plaintiff. Discovery, investigation, research, and analysis have not yet been completed in the Action, but such activities may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these responses.  Without being obligated to do so, Plaintiff reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, documents, contentions, or legal theories that may apply.

Furthermore, these responses are made as Plaintiff understands and interprets the Requests, to the extent it can.  If Defendants subsequently assert an interpretation of any Request that differs from that of Plaintiff's interpretation, or satisfactorily explains the relevancy of an otherwise apparently non-relevant Request, Plaintiff reserves the right (but is not obligated) to modify or supplement its objections and responses if Plaintiff deems modification or supplementation is warranted.

## II.     DEFINITIONS OF OBJECTIONS

Plaintiff's objections are defined as follows:

A.      "Vague," "Ambiguous" and "Indefinite," or any combination thereof, are defined to mean:  Plaintiff objects on the basis that the Request is not drafted with sufficient precision to enable Plaintiff to identify responsive documents and/or information.

B.      "Overbroad" is defined to mean:  Plaintiff objects on the basis that the Request is overbroad and calls for an expansive breadth of information or documents that is unreasonable in scope, time, and/or parameter considered in light of the needs of the Action.

C.       "Irrelevant" is defined to mean:  Plaintiff objects on the basis that the Request calls for matter not relevant to the claims or defenses pleaded by the parties in the Action. Plaintiff does not intend to produce information or documents not relevant to the pleaded claims or defenses of the parties in the Action.

D.      "Duplicative" is defined to mean:  Plaintiff objects on the basis that the Request is cumulative or duplicative in scope with another Request, or calls for information or documents available from the Defendants' own records or sources, or from public sources.

E.      "Burdensome" is defined to mean:  Plaintiff objects on the basis that the Request is objectionable under one or more of the bases stated in Rule 26(b)(2)(C), including that the Request is cast so broadly that the burden or expense of responding to its full scope outweighs the likely benefit of such a response, considering the needs of the Action, the amount in controversy, the parties' resources, the importance of the issues at stake in the Action, and the importance of the information or documents sought in resolving the issues.

F.      "Privilege(d)" is defined to mean:  Plaintiff objects on the basis that the Request calls for information or documents (1) protected by the attorney-client privilege, (2) protected by the work-product doctrine, (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel, (4) otherwise protected under Rule 26, and/or (5) protected under any other valid privilege.

3

G.      The phrase "subject to and without waiving the foregoing general and specific objections," or words having similar effect, is defined to mean:  Plaintiff has provided or will provide information or documents reasonably responsive to a given Request under Rule 26(b), but in doing so does not waive any objections or to represent that it has responded to the full scope of the Request as stated.

H.      "Premature" is defined to mean:  Plaintiff objects that the Request seeks information that is not yet required to be disclosed pursuant to the Rules, the applicable Local Rules, or the Court's orders entered in the Action.

I.       "Compound" is defined to mean:  Plaintiff objects that the Request is comprised of discrete subparts, each representing an individual request.  Plaintiff reserves the right to count each distinct subpart against the total number of interrogatories, documents requests, or requests for admission that Defendant may submit pursuant to the Rules, the applicable Local Rules, or the Court's orders entered in the Action.

J.      "Calling for a Legal Conclusion" is defined to mean:  Plaintiff objects that the Request improperly requests that a legal conclusion be drawn to fully respond to the Request.

### III.      OBJECTIONS TO DEFINITIONS

Plaintiff hereby objects to the following defined terms included in the Requests. Plaintiff's objections to the following definitions apply to every Request containing the objectionable terms, as follows:

1.      The terms "DuraSystems" or "You" or "Your" means and refers to Plaintiff DuraSystems Barriers, Inc. and its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

**OBJECTION:** Plaintiff objects to the definition of "DuraSystems," "You," and "Your" as Overbroad, Burdensome, and as including documents and information subject to Privilege. Defendant objects to the definition of each of these terms insofar as they include Plaintiff's attorneys, thereby improperly including subject matter that is subject to Privilege. Plaintiff objects to this definition as Overbroad and Burdensome to the extent it encompasses entities and individuals currently outside of Plaintiff's control, and that may have no relevance to the claims and defenses in the present Action. Plaintiff's response to Requests that include the term "DuraSystems," "You," and/or "Your" will be limited to non-privileged documents and information in the current possession or control of DuraSystems Barriers, Inc. including its current officers, agents and employees.

2.      The term "Defendants" means Defendants Van-Packer Co. and Jeremias, Inc. and its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

**OBJECTION:** Plaintiff objects to the definition of "Defendants" as Overbroad and Burdensome. Plaintiff objects to this definition as Overbroad and Burdensome to the extent it encompasses entities and individuals not currently known to Plaintiff as falling within the definition, and that may have no relevance to the claims and defenses in the present Action. Plaintiff's response to the Requests that include the term "Defendants" will be limited to documents and information concerning Van-Packer Co. and Jeremias, Inc. and their present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, and any other

person to be acting on its behalf, insofar as such person or entity was known by DuraSystems to be acting pursuant to the authority of Van-Packer Co. or Jeremias, Inc. or subject to their control at the relevant time.

      10.    The term "reference" means any document or thing in any way discussing, describing, or showing any technology that is any way related to the subject matter disclosed or described in a patent or patent application.

      **OBJECTION**: Plaintiff objects to the definition of the term "reference" as Vague, Ambiguous, Overbroad, and Burdensome. The phrase "any way related to" is unclear, vague, and ambiguous. Further, the phrase "any way related to" is overbroad and burdensome to the extent that it includes documents and things that are cumulative, and not relevant to the disputed issues of the Action. For example, the definition conceivably encompasses all duct systems, regardless of whether they are insulated, fire-rated, or relevant to the specific features claimed in the '569 patent. Plaintiff's response to Requests that include this term will be limited to documents and things reasonably pertinent to the technology claimed in the '569 patent.

      11.    The term "prior art" refers to any reference, publication ,patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of the Patent-in-Suit including anything that is relevant to the patentability of any patent claim under 35 U.S.C. §§ 102 and 103. Prior art is not limited to references or activities cited to a Patent Office during prosecution of any patent.

      **OBJECTION:** Plaintiff objects to the definition of the term "prior art" as Calling for Legal Conclusion. Plaintiff's response to Requests that include this term shall not be construed as an admission that any information, document, or physical specimen is "relevant to the validity" of any patent claim.

      14.    The terms "document" or "documents" include all things within the meaning and

scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and includes without limitation the following items, whether printed, recorded, microfilmed, stored electronically or optically, or reproduced by any process, or written or produced by hand, or recorded in any other way, and whether or not claimed to be privileged, confidential, or personal: any and all originals, copies, drafts (and all versions not identical in every respect to the original) of any letters; correspondence; memoranda; notes; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); summaries or records of personal conversations; calendars; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists or persons attending meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; patent and patent application materials; patent appraisals; printed publications; trademark applications; certificates of registration; opinions of counsel; reports of or summaries of either negotiations within or without the corporation or preparations for such; bulletins; material and manufacturing specifications; material packaging; manufacturing logs; functional specifications; equipment specifications and operating information; product packaging, designs, instructions; literature, work assignments; memoranda of conversations; notes; notebooks; drafts; data sheets; worksheets; contracts; memoranda of agreements; assignments; licenses; minute books of account; orders; invoices; statements; bills; checks; vouchers; photographs; knowledge base documents; technical support documents; application notes; advertisements; circulars; press releases; books; instruments; accounts; bills of sale; tapes; electronic communications including, but not limited to, E-mails; telegraphic communications and all other material of any tangible medium of expression; and original or preliminary notes. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction

7

thereof, is to be considered a separate "document." A draft or non-identical copy is a separate document within the meaning of this term. In addition, electronically stored information is any information that is stored electronically and includes, but is not limited to: writings, drawings, graphs, charts, photographs, sound recordings, images, email from any type of e-mail system, e-mail attachments, facsimiles, and other data or data compilations, stored in any medium from which information can be obtained, including personal computer drives, external hard drives, server/network drives, databases, CDs, diskettes, floppy disks, PDAs, Blackberries, laptops, voicemail, Zip-drives, flash/thumb/or any other type of external drives.

**OBJECTION:**  Plaintiff objects to the terms "document" and "documents" as Overbroad and Burdensome to the extent that the definition extends beyond the scope of those terms as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Plaintiff's responses to Requests that include these terms will be limited to "document" and "documents" as those terms are used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

16.     The terms "product" and "products" mean a machine, manufacture, apparatus, device, instrument, mechanism, appliance, system, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

**OBJECTION:** Plaintiff objects to the terms "product" and "products" as Overbroad and Irrelevant to the extent that the definition encompasses products "under development." Plaintiff's responses to Requests that include these terms will be limited products under development prior to the priority date of the '569 patent and products that have been offered for sale, sold, or otherwise disclosed to the public.

29. Unless otherwise indicated by the context, the term "identify":

(a) when used in connection with documents, means to furnish (i) the type of document; (ii) the litigation document control number; (iii) a summary of the document's subject matter and content; (iv) the document's title or identifying symbol, (v) the date of the document, (vi) the author(s) of the document; (vii) the name(s) and address(es) of the person(s), if any, to whom the document was directed; (viii) the document's current or last known location; and (ix) the name and address of the custodian of the document[.]

**OBJECTION:**  Plaintiff objects to the term "identify" when used in connection with documents as Burdensome and Compound. This definition is overbroad and burdensome to the extent that it attempts to place burdens on Plaintiff beyond those required by the Federal Rules of Civil Procedure. This definition is compound to the extent that calls for information about the person(s) associated with the document beyond his/her/their name(s). Plaintiff will identify documents produced in the Action by the litigation document control number.  For documents not produced in the Action, Plaintiff will identify the document title, subject matter, date, author(s), recipient(s), custodian(s), and the documents current or last known location.

29. Unless otherwise indicated by the context, the term "identify":

…

(c) when used in connection with things, including products or other physical objects, means to furnish a complete description of the thing or things, including, for each thing, the model number and/or product code, version number, commercial name, functional designation, trademark, trade name, internal name, project name, any other nomenclature used to specify its common designation, its composition, its physical characteristics, and any other distinguishing characteristics [.]

**OBJECTION:**  Plaintiff objects to the term "identify" when used in connection with things, including products or other physical objects as Compound. This definition is compound to the extent that calls for the thing's "composition, its physical characteristics, and any other

9

distinguishing characteristics." Plaintiff will identify things by the model number, product code, version number, commercial name, functional designation, trademark, trade name, internal name, project name, or any other nomenclature used to specify its common designation.

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Requests to the extent that they are inconsistent with or purport to impose a duty of disclosure that is greater than or different from that required under the applicable Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of Illinois.

2.      By responding to the Requests, Plaintiff does not concede the relevancy or materiality of any Request or the subject matter to which any such Request refers. Plaintiff's responses are made subject to, and without waiving any objections to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter to which they concern, in any proceeding in this action or in any other subsequent proceeding.

3.      Plaintiff objects to each Request to the extent it seeks information subject to the attorney/client privilege, within the attorney work product immunity, or other grounds of immunity from discovery. Any disclosure of such protected and privileged information is inadvertent and is not intended to waive those privileges or protections.

4.      Plaintiff objects to each Request to the extent that it purports to require Plaintiff to produce information in violation of a legal or contractual obligation of nondisclosure to a third party. Plaintiff will not produce such information without either the consent of the relevant third party or a court order compelling production.

5.      Plaintiff objects to each and every Request to the extent it seeks information that is not relevant to a claim or defense of any party, is not admissible, or is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiff objects to each Request to the extent it seeks information that is overbroad, unduly burdensome, unreasonably cumulative, duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.      Plaintiff objects to each and every Request to the extent that the burden of responding to such Request outweighs its likely benefit, considering the needs of the Action, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving those issues.

8.      Plaintiff objects to each Request to the extent it calls for a legal conclusion or opinion. Plaintiff's responses shall not be construed as providing a legal conclusion or opinion concerning the meaning or application of any term(s) or phrase(s) used in the Requests.

9.      Plaintiff objects to each Request to the extent it assumes facts that are not in evidence. By responding to these Requests, Plaintiff does not admit or agree with any explicit or implicit assumption made in the Request.

10.      Plaintiff objects to each Request to the extent it seeks "all" information concerning a given subject on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to such Requests on the grounds that, read literally, they require Plaintiff to search exhaustively for information in an attempt to locate "all" information that might possibly be responsive to a request. Thus, Plaintiff objects because it is impossible to represent, even after a diligent search and consideration, that "all" information has been located to respond to the Requests.

11.      Plaintiff objects to each Request as unduly burdensome to the extent it seeks information equally available to Defendant(s), in the public domain, or already in the possession, custody, or control of Defendant(s).

12.     Plaintiff objects to Defendants' Definitions, Instructions, and Requests to the extent that they seek information that does not exist or is not in Plaintiff's possession, custody or control.

13.     Plaintiff reserves the right to supplement its responses and document production as appropriate under governing rules.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Plaintiff objects and responds to the Requests as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:  For each claim of the Patent-in-Suit which DuraSystems believes is infringed by Defendants, identify the date of first disclosure of the alleged invention and describe the circumstances surrounding the disclosure.

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: The invention of each claim DuraSystems alleges is infringed by Defendants was first disclosed through the filing of the U.S. Patent Application No. 14/051,016 with the United States Patent and Trademark Office on October 10, 2013.

**INTERROGATORY NO. 2**:  Separately, for each Accused Product, describe in detail the circumstances under which DuraSystems first became aware of that product, and the investigation undertaken by or on behalf of DuraSystems to support its allegation of infringement of each claim of the Patent-in-Suit, including without limitation, an identification of every person or entity that supervised, assisted, participated in, or provided information concerning the investigation; a description of every physical inspection of each Accused Product and an identification of the date(s) of and individual(s) involved in each such inspection; a description of all analyses of and tests performed on each Accused Product and an identification of the date(s) of and individual(s) involved in each such analysis and test; an identification of all

documents and things reviewed or relied upon in connection with the investigation; and a
description of the results and/or conclusions of the investigation.

**OBJECTIONS:** Plaintiff objects to this Request on the basis of Privilege. Plaintiff
objects to this Request as Compound, in that the Request contains at least the following six
subparts: (1) "for each Accused Product, describe in detail the circumstances under which
DuraSystems first became aware of that product"; (2) "for each Accused Product, describe in
detail … the investigation undertaken by or on behalf of DuraSystems to support its allegation of
infringement of each claim of the Patent-in-Suit"; (3) "for each Accused Product, describe in
detail…every physical inspection of each Accused Product and an identification of the date(s) of
and individual(s) involved in each such inspection"; (4) "for each Accused Product, describe in
detail … all analyses of and tests performed on each Accused Product": (5) "for each Accused
Product, describe in detail … all documents and things reviewed or relied upon in connection
with the investigation"; and (6) "for each Accused Product, describe in detail … the results
and/or conclusions of the investigation". Plaintiff objects to this Request as Premature to the
extent that it calls for expert discovery prior to the expert disclosure and expert report deadlines
set by the Court.

**RESPONSE**: Subject to and without waiving the foregoing general and specific
objections, DuraSystems responds to each sub-part of Interrogatory No. 2 as follows: (1) Gerry
Saieva at DuraSystems first became aware of Van-Packer's product GRZ Grease Duct on
approximately November 8, 2018, when he saw a video on the internet displaying the product.
DuraSystems first became aware of Jeremias's product DWGD-RZ on approximately November
19, 2019 when Fred Woo at DuraSystems received an email dated November 19, 2019
advertising the DWGD-RZ.  (2) The response to this sub-part of Interrogatory No. 2 is protected
by the attorney-client privilege and attorney work product doctrines. (3) Paul Wells, an employee
of DuraSystems, viewed the GRZ product at a tradeshow in January 2020. DuraSystems has not

physically inspected the DWGD-RZ product. (4) The response to this sub-part of Interrogatory No. 2 is protected by the attorney-client privilege and attorney work product doctrines. (5) DuraSystems reviewed and relied upon the documents identified in the First Amended Complaint, which information DuraSystems incorporates herein by reference. (6) The non-privileged results of DuraSystems's investigations are set forth in the First Amended Complaint and Plaintiff's Initial Infringement Contentions served on Defendants in this Action, both of which are incorporated herein by reference.

**INTERROGATORY NO. 3**:  Set forth the full factual basis and explanation for DuraSystems' contention that it is entitled to damages, including the theory of damages (i.e., reasonable royalty, lost profits, etc.) that DuraSystems intends to advance and/or rely upon for each asserted claim of the Patent-in-Suit, the methodology DuraSystems intends to advance or will rely on to calculate damages under that theory, and the amount of damages DuraSystems claims it is entitled to recover for each claim of the Patent-in-Suit.

**OBJECTIONS:** Plaintiff objects to this Request as Premature to the extent that it calls for expert discovery prior to the expert disclosure and expert report deadlines set by the Court.

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: DuraSystems is entitled to lost profits, reasonable royalty, and enhanced damages as stated in 35 U.S.C. § 284 for each asserted claim of the '569 patent. DuraSystems's patented DuraDuct KEX directly competes with Van-Packer's GRZ Grease Duct product and Jeremias's DWGD-RZ product. Additional facts and explanations for DuraSystems's contention that it is entitled to damages, the methodology DuraSystems intends to advance and rely on to calculate damages, and the amount of damages DuraSystems claims it is entitled to recover for each claim will be provided during expert discovery in accordance with the schedule set by the Court.

14

**INTERROGATORY NO. 4**:  Set forth the full factual basis and explanation for DuraSystems' contention that Defendants willfully infringe any claim of the Patent-in-Suit.

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: DuraSystems incorporates herein by reference Plaintiff's First Amended Complaint for Patent Infringement and Plaintiff's Initial Infringement Contentions, and any and all supplementations thereto, in which DuraSystems sets forth its factual basis and explanation that Defendants' infringement of the claims of the '569 patent is willful.

**INTERROGATORY NO. 5**:  To the extent that DuraSystems contends that Defendants had actual notice of any alleged infringement of the Patent-in-Suit before the filing of this case, describe the factual circumstances providing the basis for such a contention.

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: DuraSystems incorporates herein by reference Plaintiff's First Amended Complaint for Patent Infringement and Plaintiff's Initial Infringement Contentions, and any and all supplementations thereto, in which DuraSystems sets forth its factual basis and explanation that Defendants had actual notice of their infringement of the claims of the '569 patent prior to the filing of this Action.

**INTERROGATORY NO. 6**:  Identify the first date on which a DuraSystems product was marked with the patent number of the Patent-in-Suit and identify all DuraSystems product(s) that have been marked with the patent number of the Patent-in-Suit.

**OBJECTIONS:** Plaintiff objects to this Request as Compound, in that the Request contains at least the following two subparts: (1) "Identify the first date on which a DuraSystems

product was marked with the patent number of the Patent-in-Suit", and (2) "identify all DuraSystems products that have been marked with the patent number of the Patent-in-Suit."

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds to each sub-part as follows: (1) In approximately August 2018, DuraSystems began marking the DuraDuct-KEX product with U.S. Patent Number "10025469" in which the "4" and "5" were transposed due to a typographical error. In approximately January 2019 that error was corrected and DuraSystems began marking the DuraDuct-KEX product with U.S. Patent Number "10024569". (2) DuraSystems has marked the DuraDuct-KEX product with the patent number of the Patent-in-Suit.

**INTERROGATORY NO. 7**:  Identify the source of any profits, royalties or receivables DuraSystems received from the development, sale, use, and license of the Patent-in-Suit; the amount of profits, royalties or receivables; and all documents relating thereto.

**OBJECTIONS:** Plaintiff objects to this Request as Vague and Ambiguous. The phrase "development, sale, use, and license of the Patent-in-Suit" is vague and ambiguous. DuraSystems interprets this Interrogatory to request information concerning the development, sale, use, and license of the Patent-in-Suit itself, and separate and apart from DuraSystems's development, sale, use and license of products covered by the one or more claims of the Patent-in-Suit. To the extent that Defendants' interpretation of this Request differs from that that set forth herein, DuraSystems reserves the right to alter or supplement or its response.

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: DuraSystems has no responsive information.

**INTERROGATORY NO. 8**:  Identify all prior art collected, identified, or considered by any person in connection with the Patent-in-Suit, including any prior art located or identified

through any search or investigation, and, for each prior art identified, provide the earliest date any individual with a duty of disclosure to the USPTO knew of that prior art.

    **OBJECTIONS:**  Plaintiff objects to this Request as Calling for a Legal Conclusion to the extent it requires Plaintiff to identify "prior art" and individuals "with a duty of disclosure to the USPTO…." Any response to this Request is not to be construed as an admission than any information or device qualifies as "prior art" to the '569 patent, or that any specific individual had a "duty of disclosure to the USPTO." Plaintiff objects to this Request as Compound in that it includes at least following two sub-parts: (1) "Identify all prior art collected, identified, or considered by any person in connection with the Patent-in-Suit"; and (2) "for each prior art identified, provide the earliest date any individual with a duty of disclosure to the USPTO knew of that prior art." Plaintiff objects to this Request as Vague and Ambiguous to the extent that the phrase "with a duty of disclosure to the USPTO" is vague, ambiguous and unclear. Specifically, the Request fails to identify the basis or nature of any "duty of disclosure to the USPTO." Further, a "duty of disclosure to the USPTO" is time sensitive, and the Request does not identify any specific timeframe. Although the Request is vague, ambiguous and unclear, in responding to this Request DuraSystems interprets the Request to be directed to individuals "with a duty of disclosure to the USPTO" in connection with the application that resulted in the '569 patent. Further, because the duty of disclosure to the USPTO ceased upon issuance of the '569 patent, DuraSystems's response to this Request will be limited to "prior art" "collected, identified, or considered" prior to the grant of the '569 patent. Plaintiff objects to sub-part (2) of the Request as Irrelevant, and Burdensome in that the "earliest date any individual with a duty of disclosure to the USPTO knew of that prior art" is not relevant to any claim or defense in this action, but rather is an improper attempt to conduct a fishing expedition for additional defenses.

    **RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds to each of the sub-parts as follows: (1) Plaintiff has or will

produce documents containing information responsive to this Request in accordance with Rule 33(d), including document control numbers Dura_000124, Dura_000155, Dura_000158-000347. (2) DuraSystems is not aware of any prior art known by any individual with a duty to disclose prior art in connection with the application that resulted in the '569 patent that did not disclose such prior art during prosecution of the '569 patent. With regard to the date anyone with such a duty to disclose information to the USPTO in connection with the application that resulted in the '569 patent, the best knowledge concerning such dates can be found on documents concerning any search for prior art, or document concerning the first disclosure of the prior art to the USPTO, which documents are of public record and as easy for Defendants to obtain as it is for Plaintiff. Plaintiff has or will produce documents containing information responsive to this Request as explained above and in accordance with Rule 33(d), including document control numbers Dura_000124, Dura_000155, Dura_000158-000347.

**INTERROGATORY NO. 9**:  For the prior art identified in Interrogatory No. 8, describe the factual circumstances relating to any decision to submit or not to submit the prior art to the USPTO during the prosecution of the Patent-in-Suit.

**OBJECTIONS:**  Plaintiff objects to this Request on the basis of Privilege.

**RESPONSE**: Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: Information responsive to this Request is subject to the attorney-client and/or attorney work product privileges.

**INTERROGATORY NO. 10**:  Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that DuraSystems has requested, received or is aware of regarding the Patent-in-Suit, including, but not limited to, date, author(s), addressee(s), recipient(s) and whether it relates to infringement or noninfringement, validity or invalidity,

enforceability or unenforceability, any other affirmative defense, or a valuation of the Patent-in-Suit.

**OBJECTIONS:**  Plaintiff objects to this Request on the basis of Privilege. Plaintiff objects to this Request as Premature to the extent that it calls for disclosures concerning infringement, disclosures concerning validity and enforceability, and expert discovery prior to the deadlines for such disclosures set by the Court and governing Local Patent Rules.

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: Plaintiff has or will produce documents containing information responsive to this Request in accordance with Rule 33(d), including the Complaint for Patent Infringement (Dkt. No. 1), First Amended Complaint for Patent Infringement (Dkt. No. 17), and Plaintiff's Initial Infringement Contentions served in this Action. Plaintiff will provide additional opinions, evaluations, analyses, or reverse engineering reports concerning the '569 patent with its required disclosures and during expert discovery in accordance with the schedule set by the Court.

**INTERROGATORY NO. 11**:  For the Patent-in-Suit, identify the educational background, experience, and other necessary capabilities of one of ordinary skill in the art as of the asserted date of invention for that patent.

**RESPONSE**:  Subject to and without waiving the foregoing general and specific objections, DuraSystems responds as follows: A person of ordinary skill in the art of the '569 patent would have a technical certification as a sheet metal worker or sheet metal mechanic, which is typically a five-year certification, or with equivalent work experience in the field of fire-rated duct systems as of 2013.

DATED this 18th day of June, 2020.

WORKMAN NYDEGGER

*/s/ Brian N. Platt*

Brian N. Platt (admitted pro hac vice)
Chad E. Nydegger (admitted pro hac vice)
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
(801) 533-9800
bplatt@wnlaw.com
cnydegger@wnlaw.com

LOEVY & LOEVY

Matthew V. Topic
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com


Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th day of June, 2020, a copy of the foregoing PLAINTIFF DURASYSTEMS BARRIERS INC.'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-11) was served upon Plaintiff via e-mail to its attorneys of record as follows:

Katherine L. Allor
James A. Shimota
K&L Gates LLP
70 W. Madison Street, Suite 3300
Chicago, IL 60602
katy.allor@klgates.com
jim.shimota@klgates.com

Attorneys for Defendants


*/s/ Brian N. Platt*